**O**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHERRI RENEK,<br><br>   Plaintiff,<br><br>   vs.<br><br>MICHAEL J. ASTRUE, Commissioner of Social Security,<br><br>   Defendant. | CASE NO. ED CV 08-00548 (RZ)<br><br>MEMORANDUM OPINION AND ORDER |

Plaintiff seeks review of the Social Security Commissioner's decision denying her application for disability benefits. The Commissioner's delegate, the Administrative Law Judge, found that Plaintiff could perform her past relevant work, despite her claim that she had mental impairments such as depression and anxiety. In this Court, however, Plaintiff's argument is quite limited, and the Court finds no grounds, on the basis of the argument made, to overturn the decision.

Plaintiff makes the following two arguments, which in reality appear to be a single argument:

"The ALJ erred by failing to identify substance abuse as a severe medically determinable impairment;" (Plaintiff's Memorandum in Support of Complaint at 2:11); and

"The ALJ erred by issuing a decision that is vague and unintelligible regarding materiality of drug and alcohol abuse." (Plaintiff's Memorandum at 3:25).

These are the only arguments Plaintiff makes to this Court.

When Congress passed the Contract With America Advancement Act, Pub. L. No. 104-121, it included a provision, since codified at 42 U.S.C.§ 423(d)(2)(C), which states that "an individual shall not be considered to be disabled for purposes of [benefits under Title II or Title XVI of the Social Security Act] if alcoholism or drug addiction would (but for this subparagraph) be a contributing factor material to the Commissioner's determination that the individual is disabled." Subsequently enacted regulations implement this provision. 20 C.F.R. §§ 404.1535(a); 416.935(a).

Under this statute, the Administrative Law Judge first must determine if a claimant is disabled. If a claimant is disabled, then the Administrative Law Judge must determine if substance abuse is a material contributing factor to the disability. If so, then the statute bars the claimant from receiving benefits. *Bustamante v. Massanari*, 262 F.3d 949 (9th Cir. 2001). The starting point for the analysis, therefore, is whether the claimant is disabled, because that is the point at which the *cause* of the disability, *i.e.*, the question of the materiality of the substance abuse to the presence of the disability, becomes relevant.

The Administrative Law Judge here determined that Plaintiff did not have a severe physical impairment [AR 18], but that Plaintiff had "the following severe impairments: mood disorder, not otherwise specified, depression, and personality disorder . . . ." [AR 15] Plaintiff raises no argument about either the non-severity finding as to any physical impairment, nor as to the findings of these severe mental impairments. She raises no argument about whether she could perform her past relevant work. She simply argues instead that her substance abuse should be *another* impairment.

But considered as a separate impairment, unrelated to the other impairments, substance abuse could never produce a finding of disability. If an Administrative Law Judge were to find substance abuse as an impairment, he would have to conclude that the claimant was not entitled to receive benefits, because the substance abuse by definition would be a material factor contributing to the substance abuse, and under the Contract With America Advancement Act, *ipso facto* there would be no disability

The Court has read and re-read Plaintiff's "Issue I" and "Issue II" in Plaintiff's Memorandum, identified above. The Court can see no other interpretation of Plaintiff's argument other than that Plaintiff feels her alcoholism and other substance abuse is itself an impairment. Since Plaintiff does not argue that there was any error with respect to any other aspect of the Administrative Law Judge's determination — as noted, Plaintiff does not even argue that she is disabled and cannot work — the situation most closely resembles that found in *Ball v. Massanari*, 254 F.3d 817 (9th Cir. 2001). There the Court held that, where the impairments were non-severe, the Administrative Law Judge did not need to conduct an analysis as to whether the substance abuse materially affected the finding of disability, because, if the ailment does not pass the step two severity test, *ipso facto* it was not disabling. *Id*., 254 F.3d at 823. Similarly, here — even though there was a finding of severity — where there is no argument that Plaintiff's ailment should have cleared the Step Four can-perform-past-relevant-work analysis, then *ipso facto* it was not disabling, and the issue as to whether her substance abuse would have had an impact if it *were* disabling does not arise.

The decision of the Commissioner is affirmed.

DATED: December 15, 2008

/s/
RALPH ZAREFSKY
UNITED STATES MAGISTRATE JUDGE